UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO.:

IZAEL ROSA,

    Plaintiffs,

v.

CIRCLE K STORES INC.,

    Defendant.

_____/

# COMPLAINT

Plaintiff, IZAEL ROSA ("ROSA"), by and through his undersigned counsel, hereby file this Complaint against Defendant, CIRCLE K STORES INC. ("CIRCLE K" or "Defendant") and say:

## JURISDICTION AND VENUE

1. This action is brought against Defendant for its unlawful employment practices pursuant to the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.01 *et seq.*, and the Americans with Disabilities Act Amendments Act ("ADAAA"), 42 U.S.C. § 12101, *et seq.*, for employment discrimination on the basis of disability or handicap, in violation of Florida and federal law.

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331, and 1343.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c), because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continues to conduct business in the Middle District of Florida; because the actions which give rise to Plaintiff's claims happened within the Middle District of Florida; and because Defendant is subject to personal jurisdiction herein.

4. All conditions precedent to this action have been performed or waived.

## PARTIES

5. Plaintiff ROSA is a resident of Sumter County, Florida, over the age of 18 years and otherwise *suis juris*.

6. Plaintiff is a member of a class protected under the ADAAA and the FCRA in that he is a person with a disability as defined by the ADAAA and in that the terms and conditions of his employment were altered because of his disability.

7. Defendant CIRCLE K is a Foreign Limited Liability Company registered to do business within Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Middle District of Florida, and is subject to the laws of the United States and the State of Florida.

8. At all times relevant to this Complaint, Plaintiff worked at Defendant's store number 2707562 in Bushnell, Florida, as a Customer Service Representative.

9. Defendant has, at all times material, employed 15 or more employees for each of 20 or more work weeks in the current or preceding year.

10. Defendant is accordingly an employer as defined by the ADAAA, and the FCRA.

11. Plaintiff has exhausted his administrative remedies by filing a timely charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") which was dually filed with the Florida Commission on Human Relations ("FCHR") pursuant to the work-sharing agreement between the EEOC and the FCHR.

12. Plaintiff filed his charge on or about February 1, 2024, which was no more than 300 days after the last discriminatory event occurred, to wit: May 25, 2023.

13. Plaintiff was issued a Notice of Right to Sue Letter on September 18, 2024. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached as Exhibit 1).

## GENERAL ALLEGATIONS

14. Plaintiff worked for Defendant from on or about October 24, 2022, until his termination on or about May 25, 2023.

15. During the relevant time period, ROSA was a person with a "disability" as defined by the ADAAA in that he suffered from Schizophrenia, severe depression, and mild epilepsy.

16. ROSA's conditions substantially limited his ability to regulate his emotions and interact with another person.

17. From the very beginning of his employment, ROSA informed his manager at the time, Stephanie Temple, of his conditions.

18. ROSA was initially assigned to work in the back of the store to do stocking, and over time, he was deemed fit to work throughout the store and was assigned additional duties.

19. On or about May 22, 2023, ROSA was feeling unwell due to his new Schizophrenia medication.

20. As the day progressed, ROSA felt increasingly worse and asked his manager if he could clock out early because of his condition.

21. The manager's voice and tone at the time caused ROSA to feel overwhelmed and triggered his paranoia.

22. As a result, ROSA had a meltdown and had to call the police to escort him. ROSA was then put under the Baker Act and was held for three (3) days for emergency treatment.

23. After ROSA was released, he was informed by his manager that he was terminated because he did not show up for his shifts.

24. When ROSA contacted his manager, she informed him that she was unaware that he was "Baker Acted". However, she was there when the police came, and it was not the first time ROSA was "Baker Acted" while he was working at Circle K.

25. At all times, ROSA was qualified for his position in that he was able to perform the essential function of his job with or without an accommodation.

26. It was not until ROSA was "Baker Acted" that Defendant terminated his employment.

27. ROSA's disability, or his record of having said disability, was, at minimum, a motivating factor in Defendant's decision to terminate his employment.

28. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

29. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I: DISABILITY DISCRIMINATION UNDER THE ADA AND ADAAA

30. Plaintiff re-alleges and re-avers paragraphs 1 – 29 as fully set forth herein.

31. Plaintiff is a person with a disability as that term is defined under the ADAAA in that he was suffering from Schizophrenia, severe depression, and mild epilepsy, which substantially limits his ability to perform at least one major life function, to wit: regulating his emotions, coping with problems, and interacting with others.

32. If ROSA is not considered to be a person with a disability under the first prong ("actual disability"), he meets the definition of the third prong ("regarded as") in that Defendant was aware of his conditions, and he was subsequently terminated because of his actual or perceived impairment. See 42 U.S.C. §§ 12102(1)(C), (3).

33. Plaintiff is, and at all times was, qualified to perform the essential functions of his job as a Customer Service Representative as he was initially working at the back of the store until Defendant deemed that he qualified to work throughout the store.

34. Plaintiff is, therefore, a "qualified individual" as that term is defined in the ADAAA, § 101(8) (42 U.S.C. § 12111(8)).

35. Plaintiff was feeling unwell at work because of his new Schizophrenia medication.

36. After informing his manager about his condition and asking if he could clock out early, the manager's tone and voice at the time triggered Plaintiff's paranoia, and he had to call the police to escort him while he was still at the store.

37. Plaintiff was "Baker Acted" and was put under emergency treatment for three (3) days.

38. When he was released, his manager terminated him because of no-shows and informed him that she was not aware that he was "Baker Acted" even though she was present when the police came to escort Plaintiff.

39. Defendant's alleged basis for terminating Plaintiff – that he did not show up for work – is pretextual. Even if Defendant could assert legitimate reasons for its decision to terminate Plaintiff, ROSA's actual disability or the fact that he was regarded as having a disability, was, at minimum, a motivating factor[1] in Defendant's decision to terminate his employment.

40. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss. To that end, Plaintiff demands compensation for his

---

1. Plaintiff explicitly reserves the right to argue a mixed-motive standard of review applies to her claims.

back wages, front pay, compensatory and punitive damages, and any other remuneration permitted under the law.

41. Plaintiff further seeks his attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff IZAEL ROSA requests judgment against Defendant as follows:

   a) an award of economic damages including lost wages, back pay, interest, front pay, and the value and/or economic impact of lost benefits;

   b) compensatory damages;

   c) punitive damages;

   d) attorney's fees and costs; and

   e) any other award this Court deems necessary.

## COUNTY II: HANDICAP/DISABILITY DISCRIMINATION UNDER THE FCRA

42. Plaintiff re-alleges and re-avers paragraphs 1 – 29 as fully set forth herein.

43. Section 760.10 of the FCRA states in relevant part:

   (1) it is unlawful employment practice for an employer:
   (a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation,

terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

44. The FCRA is interpreted the same as the ADAAA and ADA. Plaintiff is a person with a disability as that term is defined under the ADAAA in that he was suffering from Schizophrenia, severe depression, and mild epilepsy, which substantially limits his ability to perform at least one major life function, to wit: regulating his emotions, coping with problems, and interacting with others.

45. If ROSA is not considered to be a person with a disability under the first prong ("actual disability"), he meets the definition of the third prong ("regarded as") in that Defendant was aware of his conditions, and he was subsequently terminated because of his actual or perceived impairment. See 42 U.S.C. §§ 12102(1)(C), (3).

46. Plaintiff is, and at all times was, qualified to perform the essential functions of his job as a Customer Service Representative as he was initially working at the back of the store until Defendant deemed that he qualified to work throughout the store.

47. Plaintiff is, therefore, a "qualified individual" as that term is defined in the ADAAA, § 101(8) (42 U.S.C. § 12111(8)).

48. Plaintiff was feeling unwell at work because of his new Schizophrenia medication.

9

49. After informing his manager about his condition and asking if he could clock out early, the manager's tone and voice at the time triggered Plaintiff's paranoia, and he had to call the police to escort him while he was still at the store.

50. Plaintiff was "Baker Acted" and was put under emergency treatment for three (3) days.

51. When he was released, his manager terminated him because of no-shows and informed him that she was not aware that he was "Baker Acted" even though she was present when the police came to escort Plaintiff.

52. Defendant's alleged basis for terminating Plaintiff – that he did not show up for work – is pretextual. Even if Defendant could assert legitimate reasons for its decision to terminate Plaintiff, ROSA's actual disability or the fact that he was regarded as having a disability, was, at minimum, a motivating factor[2] in Defendant's decision to terminate his employment.

53. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced and will continue to experience, significant financial and economic loss. To that end, Plaintiff demands compensation for his back wages, front pay, compensatory and punitive damages, and any other remuneration permitted under the law.

---

2. Plaintiff explicitly reserves the right to argue a mixed-motive standard of review applies to her claims.

54. Plaintiff further seeks his attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff IZAEL ROSA requests judgment against Defendant as follows:

    a) an award of economic damages including lost wages, back pay, interest, front pay, and the value and/or economic impact of lost benefits;

    b) compensatory damages;

    c) punitive damages;

    d) attorney's fees and costs; and

    e) any other award this Court deems necessary.

## **DEMAND FOR JURY TRIAL**

Plaintiff, IZAEL ROSA, hereby demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: December 16, 2024.

                              LAW OFFICES OF CHARLES EISS, P.L.
                              Attorneys for Plaintiff
                              550 South Andrews Avenue, Suite 600
                              Fort Lauderdale, Florida 33301
                              (954) 914-7890 (Office)
                              (855) 423-5298 (Facsimile)

                    By:    /s/ Charles M. Eiss
                              CHARLES M. EISS, Esq.
                              Fla. Bar #612073

                                                chuck@icelawfirm.com
                                                NHU CAO, Esq.
                                                Fla. Bar #1050344
                                                nhu@icelawfirm.com